IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PENSION TRUST FUND FOR OPERATING
ENGINEERS; F.G. CROSTHWAITE and
RUSSELL E. BURNS, as Trustees,

    Plaintiffs,

v.

BRADLEY CONSTRUCTION, INC., a
California corporation, DAVID GLENN
BURKHART, an individual, and DOES 1-20

    Defendants.

No. CV-11-3338 EDL

**REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

On July 7, 2011, Plaintiffs filed a complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, alleging that Defendants Bradley Construction, Inc., a California corporation ("Bradley") and David Glenn Burkhart[1], an individual ("Burkhart") are liable for payment of withdrawal liability resulting from a complete withdrawal by Defendant Bradley from the Operating Engineers' Pension Trust Fund ("Trust" or "Plaintiffs"). The complaint sought an order requiring, among other things, that Defendants pay the withdrawal liability as well as interest, liquidated damages, and attorneys' fees and costs.

On July 12, 2011, Defendants were served with the summons and complaint in this matter. See Docket No. 6. Defendants failed to answer the complaint or otherwise defend the action. On August 10, 2011, upon Plaintiffs' request, the Clerk of this court entered Defendants' default under

---

[1] Defendant Burkhart is the President and 100% shareholder of Defendant Bradley. See Declaration of Julie A. Ostil (Ostil Decl.) ¶ 4; Ex. B. Further, Plaintiffs are informed and believe that Defendant Burkhart owns a residential leasing trade or business as a sole proprietor, in his own name. Ostil Decl. ¶ 5; Ex. C (Defendant Burkhart and his spouse are joint tenants of the real property in question). Accordingly, as a sole proprietor who owns an unincorporated leasing business, Defendant Burkhart is considered to be a trade or business under common control with Defendant Bradley pursuant to ERISA § 4001(b) (29 U.S.C. § 1301(b)). Osti. Decl. ¶ 5; Ex. C.

1 Federal Rule of Civil Procedure 55(a). See Docket No. 10. By its default, Defendants are deemed
2 to have admitted the well-pleaded averments of the complaint except those as to the amount of
3 damages. See Fed. R. Civ. P. 8(b)(6).

4 On September 27, 2011, Plaintiffs filed a Motion for Default Judgment against Defendants.
5 In this Motion for Default Judgment, Plaintiffs seek judgment against Defendants for the amount of
6 the withdrawal liability, as well as interest, liquidated damages, attorneys' fees and costs in the total
7 amount of $599,757.76. Although Plaintiffs have consented to this Court's jurisdiction pursuant to
8 28 U.S.C. § 636(c), Defendants are in default and have not consented. At Plaintiffs' request, the
9 Court vacated the hearing that was set for November 8, 2011. For the reasons stated below, the
10 Court recommends granting Plaintiffs' motion for default judgment. This matter will be reassigned
11 to a district court judge.

12 **DISCUSSION**

13 A court may not enter a default judgment against an unrepresented minor, an incompetent
14 person, or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 521(b)(1).
15 Defendants are not a unrepresented minor or incompetent person, or a person in military service, or
16 otherwise exempted from default judgment. See Ostil Decl. ¶ 8.

17 ERISA provides:

18 A plan fiduciary, employer, plan participant, or beneficiary, who is adversely affected
   by the act or omission of any party under this subtitle with respect to a multiemployer
19 plan, or an employee organization which represents such a plan participant or
   beneficiary for purposes of collective bargaining, may bring an action for appropriate
20 legal or equitable relief.

21 29 U.S.C. § 1451. An employer that withdraws from the Trust must pay withdrawal liability to the
22 Trust. 29 U.S.C. § 1383. Following the assessment of the withdrawal liability payment, an
23 employer may challenge the assessment (29 U.S.C. § 1399(b)(2)), and thereafter, timely demand
24 arbitration (29 U.S.C. § 1401(a)). If no arbitration proceedings are initiated within the statutory
25 period, the amounts demanded by the Plan shall be due and owing. See Teamsters Pension Trust
26 Fund - Bd. of Tr. of the Western Conference v. Allyn Transp. Co., 832 F.2d 502, 504, 506-507 (9th
27 Cir. 1987); see also 29 U.S.C. § 1401(b)(1).

28 Plaintiffs have the burden of proving their entitlement to relief through testimony or written

2

affidavit.  To that end, Plaintiffs submitted the declarations of: Greg Trento, the Senior Vice-President of Associated Third Party Administrators ("ATPA") and third party administrators for the Trust, and Julie A. Ostil, Plaintiffs' counsel.  The evidence establishes that Defendant Bradley was a participating employer in the Operating Engineers' Pension Trust Fund pursuant to collective bargaining agreements with the Operating Engineers Local Union No. 3 for and on behalf of employers in the building and construction industry, which required Defendant Bradley to make fringe benefit contributions for all covered work performed by its employees.  Declaration of Greg Trento (Trento Decl.) ¶ 2, 5; Ex. A.  By letter to the Plan dated April 30, 2010, Defendant Bradley notified the Plan of its intent to cease business operations effective July 1, 2010 and thereafter ceased paying contributions to the Plan in July 2010, and thereby made a complete withdrawal from the Trust under 29 U.S.C. § 1383.  Trento Decl. ¶ 9; Ex. D.  The Trust's actuary calculated the withdrawal liability of Defendants.  Trento Decl. ¶ 10; Ex. E.  By letter dated January 10, 2011, ATPA notified Defendants of the withdrawal liability assessment payable in a lump sum or eighty quarterly payments beginning December 31, 2009.  Trento Decl. ¶ 11; Ex. F.  In the notice of assessment, Plaintiffs advised Defendants that it could challenge the withdrawal liability calculation by requesting review within ninety days of receiving the assessment.  Id.; 29 U.S.C. § 1399(b)(2).  Defendant failed to make any payments.  Trento Decl. ¶ 12.

On April 22, 2011, on behalf of the Trust, legal counsel Shaamini A. Babu notified Defendants that Defendants must cure its delinquent installment payments and advised that if payment was not received within sixty days, Plaintiffs would consider Defendants in default.  Ostil Decl. ¶ 7; Ex. D.  Defendants failed to cure its delinquent payments within sixty days.  Ostil Decl. ¶ 7.  Therefore, Plaintiffs accelerated the withdrawal liability which became immediately due and payable with interest and liquidated damages.  Ostil Decl. ¶ 7; 29 U.S.C. § 1399(c)(5).  As of September 26, 2011, no withdrawal liability payments have been made.  Trento Decl. ¶ 12.  Accordingly, pursuant to 29 U.S.C. § 1383, Defendants are liable for the assessed withdrawal liability of $468,855.00.  Trento Decl. ¶ 11, 13.

An award for interest, liquidated damages, attorneys' fees, and costs is mandatory under ERISA.  29 U.S.C. § 4301(b); Amalgamated Ins. Fund v. Geltman Indus., Inc., 784 F.2d 926 (9th

Cir. 1986) ("in any action under this section to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of Section 515.").
Further, ERISA provides:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 (29 U.S.C. § 1145) in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions
> (B) interest on the unpaid contributions
> (C) an amount equal to the greater of
> (i) interest on the unpaid contributions,
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [of the unpaid contributions],
> (D) reasonable attorneys fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986.

29 U.S.C. § 1132(g)(2).

Here, the Withdrawal Liability Procedures adopted by the Trustees entitles Plaintiffs to simple interest at the rate of 10% per annum. Trento Decl. ¶ 6-7, 13; Ex. B-C. Under ERISA, interest on the accelerated withdrawal liability amount accrues from the due date of the first delinquent installment payment. 29 U.S.C. § 1399(c)(5). Accordingly, ten percent interest on the unpaid withdrawal liability has been accruing since March 1, 2011, the date of Defendants' first missed payment. The amount of interest due from March 1, 2011 through November 8, 2011 is $32,370.26, with interest accruing daily at a rate of $128.45 per day. Trento Decl. ¶ 13; Ostil Decl. ¶ 7; Ex. D.

Liquidated damages are mandatory if the employer is delinquent at the time the action is filed, the district court enters a judgment against the employer and the plan provides for such an award. See Northwest Administrators, Inc. v. Albertson's Inc., 104 F.3d 253, 258 (9th Cir. 1996). Here, Defendants were delinquent when this case was filed on July 7, 2011, and Defendants have not made any payments as of September 26, 2011. Trento Decl. ¶ 12. The Withdrawal Liability Procedures adopted by the Trustees provide for liquidated damages at the rate of twenty percent of the delinquent amount upon commencement of litigation. Trento Decl. ¶ 6-7; Ex. B-C. Because the Court recommends granting the motion for default judgment the three requirements for an award of

4

liquidated damages are satisfied. Thus, Plaintiffs are entitled to recover liquidated damages of $93,771.00. Trento Decl. ¶ 13.

Attorney's fees and costs of action may be awarded to a Trust Fund or Employee Benefit Plan that receives a judgment in its favor. See 29 U.S.C. § 1132(g)(2)(D); Lads Trucking Co. v. Bd. of Trustees of the Western Conference of Teamsters Pension Trust Fund, 777 F.2d 1371, 1375 (9th Cir. 1985) (an award of fees and costs is mandatory where there has been failure to make any withdrawal liability payments within the time prescribed). Plaintiffs have submitted the declaration of attorney Julie A. Ostil to prove attorney's fees and costs. Ms. Ostil calculated that in prosecuting this action, Plaintiffs have incurred a total of $3,987.50 in attorneys' and paralegal's fees through the hearing. See Ostil Decl. ¶ 12; Ex. F  Specifically, Ms. Ostil stated that her firm spent 3.7 hours of attorney time at a billable rate of $195.00 per hour, and 37.6 hours of paralegal time at a billable rate of $115.00 per hour prosecuting this case. Id. at ¶ 12-20. Costs incurred in connection with this matter include the filing fee of $350.00, service fees of $404.00, and messenger to court fee of $20.00. Id. ¶ 20. The total amount of fees and costs requested is $ 4761.50. The amount of time expended, the billing rates and the costs are reasonable given the work performed.

**CONCLUSION**

For the reasons set forth above, and for good cause shown, it is hereby recommended that default judgment be entered in the amount of: $468,855.00 in assessed withdrawal liability, $32,370.26 in interest from March 01, 2011 through November 8, 2011 with interest accruing daily at a rate of $128.45 per day through the date of judgment, $93,771.00 in liquidated damages, $3,987.50 in attorney's fees and $774.00 in costs. The Court also recommends awarding post-judgment interest at the legal rate on the entire judgment from the date of the judgment to the date of satisfaction pursuant to 28 U.S.C. § 1961.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to

5

appeal the District Court's order.

Dated: November 14, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

6